```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Leonard Wyatt Rowe, III

   v.                                          Civil No. 14-cv-559-JL

State of New Hampshire


### REPORT AND RECOMMENDATION

Pro se plaintiff Leonard Wyatt Rowe, III, proceeding in forma pauperis, has filed a complaint (doc. no. 1), which is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), alleging violations of his Sixth Amendment right to counsel in a criminal proceeding.  Rowe has also filed a motion for court-appointed counsel (doc. no. 3).

### Background

Rowe, a Florida resident, alleges that: there were criminal threatening misdemeanor charges filed against him in New Hampshire in 2004; that there is an outstanding fugitive warrant seeking his arrest on those charges; and that there are warrants for his arrest in the possession of several police departments in New Hampshire, including the Concord Police Department.  Rowe further asserts that, in September 2014, he mailed a letter from Florida to the New Hampshire 6th Circuit Court, District

Division, Concord, New Hampshire, requesting that the state court appoint counsel to represent him to challenge the outstanding warrants pending against him. Rowe states that the state court did not respond to his request.

Rowe asserts that he filed a judicial misconduct complaint in New Hampshire relating to the state court's failure to respond to his request for court-appointed counsel. In January 2015, Rowe received notice that the New Hampshire Judicial Conduct Committee had dismissed his complaint, finding that it did not establish that any violation of the Code of Judicial Conduct, or other misconduct by a judicial officer.

Rowe asserts that the state has violated his Sixth Amendment right to counsel by failing to appoint counsel to represent him in a state criminal proceeding, and Rowe has asked this court for relief. Rowe has specifically moved this court to appoint a "federal attorney" to represent him in his efforts to petition the New Hampshire courts for a court-appointed attorney.

## Discussion

I.  Preliminary Review

   A.  Standard

This court may dismiss claims asserted in pleadings filed

by parties proceeding in forma pauperis, if they have failed to state a claim upon which relief may be granted, or if they name defendants who are immune from relief. 28 U.S.C. § 1915(e)(2). In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

B.  Judicial Immunity

Liberally construed, Rowe's pleadings assert that the state court's failure to respond to his September 2014 request to appoint counsel, to defend him in connection with outstanding warrants, violated his Sixth Amendment right to counsel. Rowe has not named any particular defendant to his claims, apart from asserting that the state courts' inaction violated his federal constitutional right to counsel.

To the extent Rowe seeks damages for the action or inaction of an unnamed, individual state court judge, such claims are barred by the doctrine of judicial immunity. Absolute immunity, precluding a suit at the outset, applies to "any normal and

by parties proceeding in forma pauperis, if they have failed to state a claim upon which relief may be granted, or if they name defendants who are immune from relief. 28 U.S.C. § 1915(e)(2). In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

B.  Judicial Immunity

Liberally construed, Rowe's pleadings assert that the state court's failure to respond to his September 2014 request to appoint counsel, to defend him in connection with outstanding warrants, violated his Sixth Amendment right to counsel. Rowe has not named any particular defendant to his claims, apart from asserting that the state courts' inaction violated his federal constitutional right to counsel.

To the extent Rowe seeks damages for the action or inaction of an unnamed, individual state court judge, such claims are barred by the doctrine of judicial immunity. Absolute immunity, precluding a suit at the outset, applies to "any normal and

routine judicial act" undertaken within the scope of the judge's jurisdiction, "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). See Davis v. Tarrant Cnty., 565 F.3d 214, 223 (5th Cir. 2009) ("appointment of counsel for indigent defendants in criminal cases is a normal judicial function"); Gould v. Dir., N.H. Div. of Motor Vehicles, 138 N.H. 343, 346, 639 A.2d 254, 257 (1994) ("'judicial officers, when acting on subjects within their jurisdiction, are exempted from civil prosecution for their acts'" (citation omitted)).

    The federal law that provides a cause of action for civil rights violations perpetrated by state agents acting under color of state law, 42 U.S.C. § 1983, similarly bars all claims for damages asserted against judges for actions taken in their judicial capacity, and bars such claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Adames v. Fagundo, 198 Fed. App'x 20, 22 (1st Cir. 2006). There is no declaratory decree at issue, and Rowe has not shown that declaratory relief is otherwise unavailable. Accordingly, Rowe's Sixth Amendment claim is barred, to the extent that he seeks damages or

injunctive relief against a judicial officer for failing to respond favorably to Rowe's request for appointment of criminal defense counsel.

    C.   <u>Eleventh Amendment – Sovereign Immunity</u>

Furthermore, Rowe cannot proceed on a claim for damages or injunctive relief against the state or its agency, the 6th Circuit Court – District Division.  The Eleventh Amendment precludes the litigation of such claims in this court.  <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100-01 (1984).  Accordingly, Rowe has failed to identify any defendant against whom relief is available, and for that reason, this action should be dismissed.[1]

## II. Motion for Appointment of Counsel

Rowe has moved this court to appoint a lawyer to represent him in connection with his petition to obtain court-appointed counsel in the state courts.  This court

---

[1] Because dismissal is warranted for reasons stated herein, this court need not decide whether dismissal would also be warranted under the fugitive disentitlement doctrine.  <u>See generally</u> <u>Walsh v. Walsh</u>, 221 F.3d 204, 215 (1st Cir. 2000) ("'dismissal of a civil action on fugitive disentitlement grounds requires that (1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine'" (citation omitted)).

has discretion to deny a motion to appoint counsel filed by an indigent civil litigant, unless fundamental unfairness, impinging upon the litigant's right to due process, is likely to result if counsel is not appointed. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see also 28 U.S.C. § 1915(e).

Here, Rowe has failed to show that an appointment is necessary as a matter of fundamental fairness.  In this court, he has failed to state a claim against any defendant who is not immune from the relief sought.  To the extent Rowe seeks an appointment of counsel in connection with proceedings before a separately constituted tribunal, Rowe has not demonstrated an inability to obtain relief from the New Hampshire Supreme Court, the state court with supervisory authority over trial courts in New Hampshire. Accordingly, the district judge should deny the motion to appoint counsel (doc. no. 3).

## Conclusion

For the foregoing reasons, the district judge should deny the motion to appoint counsel (doc. no. 3) and dismiss the complaint.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.

See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 6, 2015

cc: Leonard Wyatt Rowe, III, pro se