```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Leonard Wyatt Rowe, III

   v.                                     Civil No. 14-cv-559-JL

State of New Hampshire


**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Pro se plaintiff Leonard Wyatt Rowe, III, has responded, by motion (doc. nos. 14 and 15), to the April 6, 2015, Report and Recommendation (doc. no. 12) ("April 6 R&R"), which: (1) recommended that the district judge deny Rowe's motion for court-appointed counsel to challenge warrants for his arrest in the New Hampshire state courts (doc. no. 3), and (2) further recommended that the district judge dismiss this case in its entirety, under 28 U.S.C. § 1915(e)(2), as Rowe failed to name any defendant who is not immune from the relief sought. The clerk's office docketed Rowe's two-part response to the April 6 R&R as two filings: (1) a response as the recommendation that Rowe's motion to appoint counsel (doc. no. 14) be denied; and (2) a response (doc. no. 15) to the judicial immunity discussion underlying the recommendation of dismissal.

This court construes both filings (doc. nos. 14 and 15) as two parts of a motion seeking this magistrate judge's

reconsideration of the April 6 R&R (doc. no. 12), and has directed the clerk to docket those filings accordingly. For reasons stated herein, in an Order issued on this date, the court has denied the motion (doc. nos. 14 and 15) seeking the magistrate judge's reconsideration of the April 6 R&R prior to its acceptance or rejection by the district judge, and the magistrate judge has issued this Supplemental R&R, providing additional reasons for the district judge (a) to deny the motion to appoint counsel (doc. no. 3) and (b) to dismiss this action.

I.  **Standard**

Local Rule 7.2(d) states that a "motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law."  LR 7.2(d) provides the standard that the court applies, by analogy, in evaluating Rowe's request that the April 6 R&R be reconsidered or withdrawn by the magistrate judge before it is either approved or rejected by the district judge.  To determine if Rowe has stated a claim for relief, or if this court should grant Rowe's motion to appoint counsel, the court applies the pertinent standards set forth in the April 6 R&R (doc. no. 12).

**II.   Recommended Denial of Request for Counsel**

   A.   Competence

Rowe's reasons for asking the magistrate judge to reconsider the April 6 R&R include that Rowe was adjudicated incompetent to stand trial in a criminal matter in North Carolina in 2004, and was civilly committed for mental health reasons in Florida in April 2015.  Rule 17(c)(2) of the Federal Rules of Civil Procedure provides, as follows:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

As Rowe has asserted facts relating to his competence, court considers whether to take appoint a guardian ad litem in this case, or to take any other action at this time to protect Rowe in this case.

> The First Circuit has not addressed the application of Rule 17(c)(2) under these circumstances.  The Third Circuit, however, has said, "[i]n the context of unrepresented litigants proceeding in forma pauperis, this inquiry [as to the application of Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."

Mahoney v. Hearst Corp., No. 13-cv-12994-LTS, 2015 WL 686814, 2015 U.S. Dist. LEXIS 19253, at *4 (D. Mass. Feb. 17, 2015) (quoting Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012)),

3

appeal docketed, No. 15-1518 (1st Cir. May 5, 2015). Cf. Powell, 680 F.3d at 307 (after district court is presented with verifiable evidence of pro se plaintiff's incompetence, district court has duty to inquire as to applicability of Rule 17, without "weigh[ing] the merits of claims beyond the . . . § 1915(e)(2) screening" (emphasis added)).

Because this court recommends, for reasons stated in the April 6 R&R and in this Supplemental R&R, that the complaint be dismissed upon screening, pursuant to 28 U.S.C. § 1915(e)(2), the court need not appoint counsel or a guardian ad litem for Rowe, or issue any other order to protect Rowe in this case at this time. See Mahoney, 2015 U.S. Dist. LEXIS 19253, at *4 (denying motion for reconsideration of order denying request for court-appointed counsel for pro se plaintiff who presented verifiable evidence of incapacity, upon noting that complaint had been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that plaintiff had requested appointed counsel, and not appointment of guardian ad litem).

    B.    Remaining Reasons for Recommended Denial of Request for Counsel

The April 6 R&R states that the motion for appointment of counsel should be denied for two reasons: (1) because Rowe has not stated a viable claim against any defendant who is not

immune from the relief sought; and (2) Rowe has not shown that this court's appointment of counsel to represent Rowe in state court is appropriate, as he has not demonstrated either that he was actually denied his right to counsel in the state court, or that he has no further opportunity to challenge that denial within the state court system.  Rowe asks the magistrate judge to reconsider her recommendation to deny his request for appointment of counsel, on the following additional grounds:

> (1)  Rowe is indigent, and has been unable to engage a lawyer on his own;
>
> (2)  Rowe's mental health is not robust; and
>
> (3)  Counsel could assist Rowe in resolving state court criminal matters and communicating with the courts and other individuals involved in those criminal matters, where, he asserts, those individuals and courts have not responded to his letters.

In general, Rowe has demonstrated an ability to draft correspondence and file pleadings and motions in this court that appear logical and meaningful.  His indigence, mental health status, and the unresponsiveness of individuals who have not been served with process in any pending case involving Rowe does not demonstrate that an appointment of counsel for Rowe at this time is warranted.  Moreover, for reasons stated herein, and in the April 6 R&R, Rowe has not stated a claim for relief in this court, and thus has not demonstrated that he would be denied due

process in this action absent the appointment of counsel. Accordingly, Rowe has not asserted a sufficient basis to warrant the magistrate judge's reconsideration of the April 6 R&R, to the extent it recommends denial of the motion to appoint counsel to represent Rowe in the state courts. For that reason, in a separate Order issued on this date, the court has denied the request (doc. no. 14) for the magistrate judge to reconsider the April 6 R&R's recommendation that the motion to appoint counsel be denied.

### III. Reconsideration of Recommended Dismissal (Doc. No. 15)

#### A. Judicial Immunity

Rowe seeks reconsideration of April 6 R&R's recommendation as to dismissal, because Rowe believes the magistrate judge improperly expanded the scope of the judicial immunity doctrine to cover the state court's inaction on the motion to appoint counsel that he filed in the Concord District Court. Rowe reasons that inaction cannot be a "judicial act" as to which judicial immunity would apply. The absolute immunity doctrine, however, draws no distinction between action and inaction. See, e.g., Nystedt v. Nigro, 700 F.3d 25, 33 (1st Cir. 2012) (allegations that defendant did not take any action to respond to matter before him did not divest defendant of absolute

6

judicial immunity); Cok v. Cosentino, 876 F.2d 1, 4 (1st Cir. 1989) (allegations of "negligent performance or dereliction of duty" did not establish that defendant was divested of absolute judicial immunity). Rowe's remedy for the Concord District Court's alleged failure to act on his motion to appoint counsel is to seek review in a state court with appellate authority over that matter, not to sue, in this court, any state judicial officers who denied him relief.

B. Additional Reason for Dismissing Complaint

There is an additional ground for dismissing this action that is not stated in the April 6 R&R. Rowe has asserted that the state court's failure to grant his motion to appoint counsel violated his right to counsel under the Sixth and Fourteenth Amendments and/or state law. The Sixth and Fourteenth Amendment right to counsel attaches at every "critical stage" of the criminal case. See Maine v. Moulton, 474 U.S. 159, 170 (1985) ("'person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him'" (citation omitted)). The issuance of an arrest warrant is not a critical stage at which the Sixth Amendment right to counsel applies. Cf. Gerstein v. Pugh, 420 U.S. 103, 122 (1975) (probable cause hearing is not critical stage of criminal

7

prosecution, as to which Sixth Amendment right to counsel attaches).

Rowe has asserted that police departments in New Hampshire, including the Concord Police Department, possess warrants seeking his arrest, and that a judicial officer of the Concord District Court issued at least one such warrant in 2004, based on an affidavit indicating that Rowe had engaged in criminal threatening. Rowe cites as evidence a letter from the U.S. Department of State, dated June 15, 2012, denying his application for a passport because a background check revealed that there had been a warrant for his arrest issued by the Concord District Court in 2004. See Doc. No. 1-1 at 45. The exhibits in this case suggest that the warrants at issue are not presently associated with any pending criminal case in state court, and that they were not associated with any criminal case at the time that Rowe mailed his motion to appoint counsel to the Concord District Court. See, e.g., Doc. No. 1-1, at 47 (Apr. 1, 2011, letter to Rowe from N.H. Public Defender's office, stating that warrants at issue are not bench warrants and are "within the police departments and are not with the courts" (emphasis in original)). The fact that there have been warrants issued for Rowe's arrest does not establish that Rowe

8

is entitled to have counsel appointed to represent him in the Concord District Court.

Accordingly, the complaint fails to state claims sufficient to demonstrate that the Concord District Court has deprived Rowe of his right to counsel under the Sixth and Fourteenth Amendments. No other claim for relief is asserted in the complaint, upon which relief can be granted. Therefore, the district judge should dismiss this action in its entirety.

## Conclusion

For the foregoing reasons and for reasons stated in the April 6 R&R, the district judge should deny the motion to appoint counsel (doc. no. 3), and should dismiss the complaint in its entirety. In a separate Order issued on this date, the court has denied the two-part motion (doc. nos. 14 and 15) seeking the magistrate judge's reconsideration and withdrawal of the April 6 R&R, prior to its acceptance or rejection by the district judge.

Any objections to this Supplemental Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal

the district court's order.  See <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

June 30, 2015

cc: Leonard Wyatt Rowe, III, pro se